■ GEORGE STUDLEY, Appellant, v MICHAEL J. SHEBER et al., Respondents.—Order of Supreme Court, New York County (Herman Cahn, J.), entered on or about October 13, 1989, which granted plaintiff's motion for an order requiring defendant to release him from all obligations under a loan agreement with Chemical Bank pursuant to a contract of sale between the parties, to the extent of granting plaintiff judgment against defendant in the amount of $1,450, and otherwise denying the motion as premature, unanimously affirmed, without costs.

In 1984, the parties entered into an agreement pursuant to which defendant Sheber was to purchase plaintiff Studley's 50% interest in the Mass Restaurant Corp. In 1985, the agreement was amended to provide that Studley would guarantee a five-year payout plan with respect to a $150,000 loan from Chemical Bank and that Sheber would indemnify Studley for any amounts paid out under the guarantee. In addition, the modified agreement provided that in the event the business was sold, the bank loan would be repaid in full or Studley would otherwise be discharged from his guarantee.

In August 1989, Studley was notified by Chemical Bank that the loan was delinquent in the amount of $41,307.95. The next day, approximately $1,450 was removed from Studley's account at Chemical Bank and applied to the outstanding loan balance. Studley also received at least one other letter from Chemical Bank indicating that the bank would institute proceedings to attach Studley's other personal and business accounts in the event that the delinquent balance on the loan remained unpaid. Studley commenced this action for an order directing Sheber to pay the outstanding balance on the loan or to release Studley from all obligations in relation thereto. The IAS court granted Studley's motion to the extent of providing that Studley have judgment against Sheber on the indemnification in the amount of $1,450, and otherwise denied the motion as premature. We affirm.

Any obligation by Sheber to pay off the entire outstanding balance of the loan and to discharge Studley from his responsibility under the guarantee was to accrue upon the sale of the business. Studley's allegations that Sheber did in fact sell the business were contained in an attorney's affirmation, unsupported by personal knowledge. Accordingly, the relief granted was properly limited to Sheber's obligations under the executed indemnification. Concur—Kupferman, J. P., Asch, Smith and Rubin, JJ. *[See, — AD2d — (Jan. 22, 1991).]*